IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

CLINT COLE and GEORGIA COLE,

    PLAINTIFFS,

v.                                                                            CASE NO.: CV-03-J-2429-NW

CITY OF FLORENCE, ALABAMA,

    DEFENDANT.

**ENTERED**
**MAR 17 2004**

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 8), evidence (doc. 9), and a brief in support of said motion (doc. 10), to which the plaintiffs have not responded.[1] Having considered the pleadings and evidentiary submission, the court finds as follows:

The plaintiffs assert that a police officer of the City of Florence wrongfully arrested them. They state claims for assault, false arrest and/or imprisonment, and outrage. The defendant filed a motion for summary judgment based solely on the plaintiffs' failure to file a claim with the City or a court action against the City within six (6) months of their arrest.

---

[1] Pursuant to Exhibit A to the Scheduling Order entered by this court on October 21, 2003, the plaintiffs had fourteen (14) days to file a response to the defendant's motion for summary judgment. The defendant's motion was filed on March 1, 2004. Therefore, the plaintiffs' deadline for responding was March 15, 2004.

The plaintiffs allege that the charges against them where dismissed by the Florence Municipal Court in November, 2002. Complaint, ¶ 17. Therefore, the arrests giving rise to their claims against the defendant had to occur before November, 2002. This action was filed September 3, 2003. Under Alabama law, a claim against a municipality arising out of tort must be presented within six months from the date that the claim arose. § 11-47-23, § 11-47-192, Code of Alabama 1975.

> Section 11-47-23 provides that, against municipalities, '[c]laims for damages growing out of torts shall be presented within six months from the *accrual* thereof or shall be barred.' ... Section 11-47-192 provides that the injured party should give notice of his injury by filing with the city clerk a sworn statement detailing the accident" (emphasis in original).

*Hill v. City of Huntsville*, 590 So.2d 876, 876 (Ala.1991). Failure to file such a claim with the city bars any recovery against such city. *Id.* The defendant submitted evidence that the plaintiffs have never submitted a claim to the City of Florence. *See* Affidavit of Steven W. Eason (doc. 9).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

2

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R. Civ.Pro. 56(e). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

The plaintiffs have failed to establish that they satisfied a statutory prerequisite to bringing this lawsuit. Although the plaintiffs fail to allege in their complaint the date on which the acts which gave rise to their claims arose, they do allege that the

3

charges resulting from the arrest were dismissed in November, 2002.[2] Even if their claims actually arose in November 2002, the plaintiffs were required by law to submit a claim no later than May 2003. The plaintiffs have failed to establish that such a claim was ever filed.

After the defendant submitted the affidavit of Steven W. Eason, alleging that no claim was ever filed by the plaintiffs against the defendant city, the plaintiffs had the burden to demonstrate that they did, in fact, meet such prerequisites. The plaintiffs having failed to do so, the court has no option but to enter judgment for the defendant and against the plaintiffs.

The court having considered the foregoing, and being of the opinion that the defendant's motion for summary judgment is due to be granted on all counts of the plaintiff's complaint, the court shall grant the defendant's motion by separate Order

**DONE** this ___17___ day of March, 2004.

                                                         Inge P. Johnson
                                                         United States District Judge

---

[2] The court notes that the date the actions which gave rise to the plaintiffs' claims, and not the date that the charges against them were dismissed, would be when the plaintiffs' claims accrued. *See e.g., Hill v. City of Huntsville*, 590 So.2d 876 (Ala.1991). Thus, the true deadline for the plaintiffs to present their claim in some form to the defendant would have been prior to May, 2003.